UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

YASMARI HUDLER

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES

    Defendant

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000.00 exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff YASMARI HUDLER is sui juris and is a resident of the State of North Carolina. HUDLER's principal residence, and thus citizenship for purposes of diversity of citizenship, is in North Carolina.

3. **THE DEFENDANT.** The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter referred to as CARNIVAL or Defendant or the cruise line) is incorporated outside the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times

1

material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4.  **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333. Further, this action is being filed in Federal Court in Miami-Dade County, Florida as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5.  **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6.  Venue is proper in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

7.  All **conditions precedent** for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8.  **DATE OF THE INCIDENT.** This incident occurred on August 18, 2012 sometime in the early evening at approximately 5:30 p.m.

9.  **STATUS OF THE PLAINTIFF AS OF THE DATE OF THE SUBJECT INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

10. **LOCATION OF THE INCIDENT.** This incident occurred inside the entrance of the Grand Atrium on the Lido Deck on the vessel *CARNIVAL Fascination*, a cruise ship, in navigable waters while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law.

11. **DESCRIPTION OF THE INCIDENT.** Carnival Cruise Line on the Carnival Fascination maintains a slick, shiny, glazed tile floor immediately inside glass doors which are adjacent to the pool area. As Carnival knows, men, women and children dripping wet from the pool area, on a repetitive and frequent basis walk or run from the pool area to indoors through the glass doors to the slick, glazed tile area adjacent to the elevators. Carnival also knows that this area is wet frequently by its own employees mopping and people spilling drinks. The day of this incident, either the people being wet from the pool over a period of time caused a puddle or Carnival personnel caused a puddle in wet mopping an area which was approximately 2 feet by 15 feet. The tile was dark and, therefore, camouflaged or hid the water. When passenger Yasmari Hudler walked onto to the tile floor, she slipped and fell severely injuring her knee. This injury required immediate medical attention and this injury has caused debilitating and significant injury.

12.  In the alternative, the water extending over a large surface on the floor was deposited on the floor by other passengers or by some other improper and negligent maintenance but which should have been first prevented by Carnival personnel and by their crowd control and other procedures, and should have been dried up and made safe by the Carnival personnel.

13.  The puddle and wet area left by the Carnival or by others immediately inside the entrance of the Grand Atrium on the Lido Deck covered a large, extended area. There were no signs visible to anyone inside that entrance, including the Plaintiff. Further, facts and evidence show that the puddles were there for an extended period of time.

14.  Carnival failed to act reasonably under the circumstances and accordingly was negligent which negligence caused this incident and the damages suffered by the Plaintiff.

15.  As a result of Carnivals negligence, and the wet and slippery surface, the Plaintiff Hudler slipped and fell inside the entrance crashing onto her back and injuring her knee. Thus far, this incident resulted in injuries which to date have necessitated continued treatment and physical therapy and caused severe and permanent disability, pain, suffering, emotional distress and other damages.

## COUNT I
## NEGLIGENCE

16.  The Plaintiff, YASMARI HUDLER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 15, above.

17.  **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004). The Defendant also owed a "duty to

exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendants "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

18. The Defendant breached those duties and was negligent by:

   a. Failing to cordon or block off the wet floor areas to prevent passengers such as the Plaintiff from walking on the areas when the floor was otherwise wet over an extended area;

   b. Failing to require crew members to wipe down and keep dry wet areas;

   c. Failing to warn anyone including the Plaintiff who would walk on the Lido deck, of the dangerous condition and the fact that the floor was slippery;

   d. Failing to inspect for and to observe the slippery area of the floor around the Lido deck;

   e. Observing that the floor area around the Lido deck, but failing to wipe down and keep dry the wet floor area;

   f. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case and allowing negligent method of operations;

   g. Failing to change out, alter, treat, modify, and/or otherwise make safe the surface which the cruise line knew for an extended period of time before this incident was unreasonably dangerous and unsafe under the circumstances;

   h. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

i. Providing negligent maintenance to the area or to the premises;

j. Failing to specify flooring in the design, construction, inspection, and approval process during and after design and construction of the ship which was and is reasonably safe under these circumstances;

k. Choosing and approving a flooring surface for the subject area which was not reasonably safe under the circumstances;

l. Failing to comply with applicable industry standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

m. Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

n. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

o. Failing to select a floor surface which was sufficiently slip resistant when wet, which would not allow water or other liquids to accumulate, and which would be otherwise safe for commercial foot traffic even when wet;

p. Failing to treat chemically, to apply physical slip resistance strips or surface, and to otherwise safely and reasonably maintain this commercial floor surface for its passengers to walk on; and

q. Failing otherwise to provide its passengers including the Plaintiff herein with a safe place to walk.

19. The Defendant created these dangerous conditions on the subject ship and allowed the dangerous conditions to exist thereby causing an accident on the date referenced above on which the Plaintiff was severely injured.

20. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

21. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

22. In the alternative, notice to the Defendant is not required because (a) the Defendant engaged in and was guilty of negligent maintenance; (b) the Defendant engaged in and was guilty of negligent methods of operations; (c) the Defendant created the dangerous condition; and/or (d) the dangerous condition was a continuous or repetitive condition or problem or occurred with sufficient regularity so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

23. As a result of the Defendant's negligence, the Plaintiff has economic and non economic damages in the past and in the future, and has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, and loss of the ability or capacity to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will

continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for economic and non economic damages in the past and in the future including but not limited to damages suffered as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of the ability or capacity to earn money in the future, loss of important bodily functions, and significant and permanent scarring and disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all pre-judgment and post-judgment interest, and any and all other damages which the Court deems just or appropriate.

/s/ John H. Hickey

JOHN H. HICKEY (FBN 305081)
hickey@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile:  (305) 371-3542
*Attorneys for Plaintiff*